

**FILED**
January 26, 2024 05:16 PM
SX-2023-CV-00413
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **IN RE:**<br><br>**SUGAR ISLAND MASTER ASSOCIATION, INC. D/B/A CARAMBOLA PROPERTY OWNERS ASSOCIATION'S ACTIONS FOR DEBT LESS THAN $75,000,** | **Civil No. SX-2023-CV-413  Civil No. SX-2023-CV-422**<br>**Civil No. SX-2023-CV-414  Civil No. SX-2023-CV-423**<br>**Civil No. SX-2023-CV-416  Civil No. SX-2023-CV-427**<br>**Civil No. SX-2023-CV-417  Civil No. SX-2023-CV-428**<br>**Civil No. SX-2023-CV-418  Civil No. SX-2023-CV-429**<br>**Civil No. SX-2023-CV-420  Civil No. SX-2023-CV-430**<br>**CITE AS: 2024 VI SUPER 7** |

**Appearances:**
**C. Jacob Gower, Esq.**
GOWER LEGAL, LLC
St. Croix, U.S. Virgin Islands
**J. Russell B. Pate, Esq.**
THE PATE LAW FIRM
St. Croix, U.S. Virgin Islands
*For Plaintiff*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Administrative Judge**

¶ 1    **THIS MATTER** came before the Court on Plaintiff Sugar Island Master Association, Inc. d/b/a Carambola Property Owners Association's (hereinafter "Plaintiff") motions to reassign matters to the Magistrate Division in the above-mentioned cases, filed on January 3, 2024.

### BACKGROUND

¶ 2    On December 5, 2023, Plaintiff filed a complaint against Defendant Curtis Eugene, Defendant Stephanie Deville Eugene (collectively, hereinafter "Defendants"), and in rem Lot 48 48 River (hereinafter "Subject Property") in an action for debt less than $75,000, *Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Eugene, et al.,* Civil Case No. SX-2023-CV-413. This matter was randomly assigned to the undersigned judge.

*In Re: Sugar Island Master Association Inc. d/b/a Carambola*
*Property Owners Association's Actions for Debt Less Than $75,000*
Civil No. SX-2023-CV-413; Civil No. SX-2023-CV-422
Civil No. SX-2023-CV-414; Civil No. SX-2023-CV-423
Civil No. SX-2023-CV-416; Civil No. SX-2023-CV-427
Civil No. SX-2023-CV-417; Civil No. SX-2023-CV-428
Civil No. SX-2023-CV-418; Civil No. SX-2023-CV-429
Civil No. SX-2023-CV-420; Civil No. SX-2023-CV-430
**Memorandum Opinion and Order**                                    2024 VI SUPER
Page 2 of 10

Subsequently, Plaintiff filed eleven more actions for debt less than $75,000.[1] These eleven cases

were randomly assigned to the undersigned judge, Judge Brady, and Magistrate Judge Brow-Ross.[2]

¶ 3    On January 3, 2023, Plaintiff filed an identical motion to reassign matters to the Magistrate

Division in each of the twelve cases. In its motions, Plaintiff indicated that: (i) "[Plaintiff] has filed

twelve actions for debt collection against Defendants who own property and are delinquent in their

dues payments," which includes this instant matter.[3] (Motion 1); (ii) "Each of the twelve actions –

---

[1] *Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Meryl, et al.*, Civil Case No. SX-2023-CV-414;

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Gilles, et al.*, Civil Case No. SX-2023-CV-416;

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. North Shore Partners, et al.*, Civil Case No. SX-2023-CV-417;

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Croix Re holdings, LLC, et al.*, Civil Case No. SX-2023-CV-418;

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Bunter Financial, et al.*, Civil Case No. SX-2023-CV-420;

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Frey, et al.*, Civil Case No. SX-2023-CV-422;

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Allen, et al.*, Civil Case No. SX-2023-CV-423;

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Desborne, et al.*, Civil Case No. SX-2023-CV-427;

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Williams, et al.*, Civil Case No. SX-2023-CV-428;

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Thomas, et al.*, Civil Case No. SX-2023-CV-429; and

*Sugar Island Master Association Inc. d/b/a Carambola Property Owners Association v. Lewis, et al.*, Civil Case No. SX-2023-CV-430.

[2] *See infra*, footnote 3.

[3] Plaintiff included the following chart in its motion to identify all twelve cases:

| | Judge | Year | Case | Name | Last | Balance | Property |
|---|---|---|---|---|---|---|---|
| 1 | Willocks | 2023 | 413 | Curtis | Eugene | $49,165.56 | 48 River |
| 2 | Ross | 2023 | 414 | Lincoln | Meryl | $44,674.09 | 47B River |
| 3 | Willocks | 2023 | 416 | Frederick | Gilles | $36,145.05 | 19 River |
| 4 | Ross | 2023 | 417 | North Shore Partners | | $33,811.43 | 21 River |
| 5 | Brady | 2023 | 418 | Croix Re Holdings LLC | | $32,107.90 | 7 Prosperity |
| 6 | Willocks | 2023 | 420 | Bunter Financial | | $29,889.43 | 6 Prosperity |
| 7 | Ross | 2023 | 422 | Nehemiah | Frey | $27,037.69 | 40 River |

*In Re: Sugar Island Master Association Inc. d/b/a Carambola*
*Property Owners Association's Actions for Debt Less Than $75,000*
Civil No. SX-2023-CV-413; Civil No. SX-2023-CV-422
Civil No. SX-2023-CV-414; Civil No. SX-2023-CV-423
Civil No. SX-2023-CV-416; Civil No. SX-2023-CV-427
Civil No. SX-2023-CV-417; Civil No. SX-2023-CV-428
Civil No. SX-2023-CV-418; Civil No. SX-2023-CV-429
Civil No. SX-2023-CV-420; Civil No. SX-2023-CV-430
**Memorandum Opinion and Order**                                    2024 VI SUPER
Page 3 of 10

including this one – were randomly assigned amongst the Superior Court judges." (Id.); (iii) "[Plaintiff] has separately given notice to the Clerk of Court that the twelve cases are related." (Id.); and (iv) "[t]he first-filed case (*Eugene*, SX-2023-CV-00413) was randomly assigned to Judge Willocks, and consistent with the Standing Order, [Plaintiff] has asked that Clerk to reassign the five matters assigned to Judge Ross-Edwards and the three matters assigned to Judge Brady be reassigned to Judge Willocks." (Id., at 1-2.) However, in its motion, Plaintiff ultimately moved the Court to reassign Civil Case No. SX-2023-CV-413—and the other eleven related cases—to the Magistrate Division in the interest of "its just, speedy, and inexpensive determination"[4] because this matter, like the eleven related ones, (i) "seeks less than $75,000 in damages," (ii) "[Plaintiff] does not request a jury trial," (iii) "the face of the complaint conspicuously notes that it regards a debt less than $75,000.00," (iv) "it is within the original jurisdiction of the Magistrate Division,"[5] and (v) "[a]ssignment of this matter to the Magistrate Division will encourage efficient pretrial management [because] [i]f all twelve related matters in the same hands, the opening of master case would be in order, and the Magistrate Division could coordinate hearings and discovery amongst

---

| 8 | Brady | 2023 | 423 | Rogello | Allen | $25,297.61 | 34 River |
| 9 | Ross | 2023 | 427 | Simpson | Desborne | $49,211.79 | 27 & 55 River |
| 10 | Brady | 2023 | 428 | Cosmo | Williams | $14,351.31 | 71 River |
| 11 | Willocks | 2023 | 429 | Earl | Thomas | $9,846.17 | 69 River |
| 12 | Ross | 2023 | 430 | Logan | Lewis | $24,547.06 | 28 River |

(Motion 1.)

[4] Plaintiff referenced: V.I. R. CIV. P. 1.

[5] Plaintiff referenced: Title 4 V.I.C. § 123(a)(7) ("Each magistrate judge may: . . . hear all civil cases where the amount in controversy does not exceed $75,000.")

*In Re: Sugar Island Master Association Inc. d/b/a Carambola*
*Property Owners Association's Actions for Debt Less Than $75,000*
Civil No. SX-2023-CV-413; Civil No. SX-2023-CV-422
Civil No. SX-2023-CV-414; Civil No. SX-2023-CV-423
Civil No. SX-2023-CV-416; Civil No. SX-2023-CV-427
Civil No. SX-2023-CV-417; Civil No. SX-2023-CV-428
Civil No. SX-2023-CV-418; Civil No. SX-2023-CV-429
Civil No. SX-2023-CV-420; Civil No. SX-2023-CV-430
**Memorandum Opinion and Order**                                    2024 VI SUPER ⊣
Page 4 of 10

all the cases."[6] (Id., at 2) (emphasis omitted). Plaintiff also indicated in its motion that "it is filing similar requests in each of the eleven related matters." (Id.)

¶ 4     As of the date of this Memorandum Opinion and Order, no response to Plaintiff's motion has been filed by any defendants. This may be because the defendants have not been served with a copy of the motion since the motion did not include a "certificate of service" section.

## DISCUSSION

### 1. Related Cases

¶ 5     In *Vanterpool v. Gov't of the V.I.*, the Virgin Islands Supreme Court has pointed out that "[u]nder Virgin Islands statutory law, it is the responsibility of the Presiding Judge of the Superior Court to 'divide the business and assign the cases among all the judges of the court in such manner as will secure the prompt dispatch of the business of the court [and that] [n]o provision of the Virgin Islands Code permits the Presiding Judge to delegate this statutory assignment power to a different judge,'"63 V.I. 563, 574 (V.I. 2015) (quoting Title 4 V.I.C. § 72b(a)), but also emphasized that "[i]n reaching this decision, we emphasize that the Presiding Judge may delegate the enforcement of a case assignment policy to other individuals, such as by directing the Clerk's Office to assign new cases at random, or pursuant to a predetermined rotation system[,]" 63 V.I. at 574 n.4. The undersigned judge—while acting in his former administrative capacity as the Presiding Judge—had delegated the enforcement of related cases assignment policy to the Clerk's

---

[6] Plaintiff referenced: *Edwards v. Hess Oil Virgin Islands Corp.*, 66 V.I. 218, 226 (V.I. Super. Ct. 2017) ("Opening a master case to coordinate some aspect of pre-trial procedure in multiple cases is inherent within authority of courts to manage their cases and at least implied within the authority granted by Virgin Islands Rule of Civil Procedure 16(c).").

*In Re: Sugar Island Master Association Inc. d/b/a Carambola*
*Property Owners Association's Actions for Debt Less Than $75,000*
Civil No. SX-2023-CV-413; Civil No. SX-2023-CV-422
Civil No. SX-2023-CV-414; Civil No. SX-2023-CV-423
Civil No. SX-2023-CV-416; Civil No. SX-2023-CV-427
Civil No. SX-2023-CV-417; Civil No. SX-2023-CV-428
Civil No. SX-2023-CV-418; Civil No. SX-2023-CV-429
Civil No. SX-2023-CV-420; Civil No. SX-2023-CV-430
**Memorandum Opinion and Order**                                    2024 VI SUPER __7__
Page 5 of 10

Office by issuing a standing order on December 3, 2020 (hereinafter "Standing Order") regarding related cases, which was subsequently adopted as Superior Court Rule 17.1.[7] Superior Court Rule 17.1 provides in relevant part:

> Once a notification of related case is filed, the Clerk's Office shall assign (or reassign) the newer case to the same judicial officer assigned to the older case. In the event of an objection, the judicial officer assigned to the older case shall decide whether the cases are, in fact, related. If the judicial officer determines the cases are not related, he shall return the newer case(s) to the Clerk's Office for reassignment to another judicial officer. If the judicial officer determines that the cases are related, the Clerk's Office shall skip that judicial officer when assigning new cases at random in proportion to the number of cases deemed related.

> Super. Ct. R. 17.1.

¶ 6     The plain language of Superior Court Rule 17.1 is unambiguous that as soon as Plaintiff filed the notification that the subsequently filed eleven cases were related to Civil Case No. SX-2023-CV-413, the Clerk's Office should have reassigned the newer cases to the undersigned judge, the judicial officer assigned to the older case, without any action necessary by the Presiding Judge. *See* Super. Ct. R. 17.1. "The canons of construction in statutory interpretation apply equally to the interpretation of court procedural rules," *Whyte v. Bockino*, 69 V.I. 749, 754-55 (V.I. 2018), and "[t]he first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning," *Miller v. People of the V.I.*, 67 V.I. 827, 844 (V.I. 2017). It is well settled that when the language of a statute is plain and unambiguous, no further interpretation

---

[7] The Standing Order remained in effect until it was abrogated by the promulgation of Superior Court Rule 17.1, which took effect on June 1, 2022. *See In re Amendments*, No. 2022-001, 2022 V.I. Supreme LEXIS 8, at *11 (Mar. 16, 2022).

*In Re: Sugar Island Master Association Inc. d/b/a Carambola*
*Property Owners Association's Actions for Debt Less Than $75,000*
Civil No. SX-2023-CV-413; Civil No. SX-2023-CV-422
Civil No. SX-2023-CV-414; Civil No. SX-2023-CV-423
Civil No. SX-2023-CV-416; Civil No. SX-2023-CV-427
Civil No. SX-2023-CV-417; Civil No. SX-2023-CV-428
Civil No. SX-2023-CV-418; Civil No. SX-2023-CV-429
Civil No. SX-2023-CV-420; Civil No. SX-2023-CV-430
**Memorandum Opinion and Order**
Page 6 of 10

2024 VI SUPER __7__

is required. *See, Thomas v. People of the V.I.*, 69 V.I. 913, 925 (V.I. 2018) (noting that "because 'the statutory language [of 14 V.I.C. § 2101(a)] is plain and unambiguous, no further interpretation is required'"); *see also, Codrington v. People of the V.I.*, 57 V.I. 176, 185 (2012) ("Accordingly, when the language of a statute is plain and unambiguous, a court does not look beyond the language of the statute in interpreting the statute's meaning."). The use of the word "shall" in the first sentence of the third paragraph of Superior Court Rule 17.1—to wit, "Once a notification of related case is filed, the Clerk's Office shall assign (or reassign) the newer case to the same judicial officer assigned to the older case."—imposes a clear requirement for the Clerk's Office to reassign the newer case to the same judicial officer assigned to the older case once a notification of related case is filed without any action necessary by the Presiding Judge. There is nothing in the Standing Order or Superior Court Rule 17.1 to suggest that the reassignment of related cases required any action necessary by the Presiding Judge. As such, the Court will give effect to the plain and unambiguous language of Superior Court Rule 17.1 and hold that Superior Court Rule 17.1 requires the Clerk's Office to reassign the newer case to the same judicial officer assigned to the older case once a notification of related case is filed without any action necessary by the Presiding Judge. *See In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015) ("The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning.") (internal quotation marks omitted). A review of the twelve cases' dockets revealed that Plaintiff did indeed notify the Clerk's Office that these twelve cases are related.[8] This means that,

---

[8] A notice of related cases was filed Civil Case No. SX-2023-CV-417, Civil Case No. SX-2023-CV-418, Civil Case No. SX-2023-CV-422, Civil Case No. SX-2023-CV-423, Civil Case No. SX-2023-CV-427, Civil Case No. SX-2023-

*In Re: Sugar Island Master Association Inc. d/b/a Carambola*
*Property Owners Association's Actions for Debt Less Than $75,000*
Civil No. SX-2023-CV-413; Civil No. SX-2023-CV-422
Civil No. SX-2023-CV-414; Civil No. SX-2023-CV-423
Civil No. SX-2023-CV-416; Civil No. SX-2023-CV-427
Civil No. SX-2023-CV-417; Civil No. SX-2023-CV-428
Civil No. SX-2023-CV-418; Civil No. SX-2023-CV-429
Civil No. SX-2023-CV-420; Civil No. SX-2023-CV-430
**Memorandum Opinion and Order**                    2024 VI SUPER 7
Page 7 of 10

pursuant to Superior Court Rule 17.1, Civil Case No. SX-2023-CV-413—the first case filed out of the twelve related cases—and the subsequent eleven related cases should already be reassigned to the undersigned judge (if the related case was not already assigned to the undersigned judge), which further means that Plaintiff's motions to reassign matters to the Magistrate Division in each of the twelve related cases are all before the undersigned judge. However, a review of these twelve related cases revealed that, as of the date of this Memorandum Opinion and Order, the Clerk's Office has not yet complied with Superior Court Rule 17.1 since the Clerk's Office has not yet completed the reassignment of the newer cases to the undersigned judge. As such, the Court will order the Clerk's Office to comply with Superior Court Rule 17.1 by reassigning the eleven related cases filed subsequent to Civil Case No. SX-2023-CV-413 to the undersigned judge, the judicial officer assigned to Civil Case No. SX-2023-CV-413—the first case filed out of the twelve related cases. To be clear, the undersigned judge—who is no longer acting in the administrative capacity as the Presiding Judge—is not usurping the current Presiding Judge's exclusive statutory authority to "divide the business and assign the cases," *see Vanterpool*, 63 V.I. at 574, but simply ordering the Clerk's Office to perform its duty to enforce the related cases assignment policy under Superior Court Rule 17.1. *See In re Procedure for the Reassignment of Cases Following Judicial Recusal Or Disqualification*, 2020 V.I. LEXIS 73, at \*2-4 (V.I. Super. Ct. Nov. 13, 2020) (The Presiding Judge issued a standing order regarding the case reassignment policy where, after a judicial officer enters an order of disqualification or recusal, the Clerk's Office reassigns the case to the next judge

---

CV-428, and Civil Case No. SX-2023-CV-430. The notice clearly identified the twelve cases that Plaintiff deemed related.

*In Re: Sugar Island Master Association Inc. d/b/a Carambola*
*Property Owners Association's Actions for Debt Less Than $75,000*
Civil No. SX-2023-CV-413; Civil No. SX-2023-CV-422
Civil No. SX-2023-CV-414; Civil No. SX-2023-CV-423
Civil No. SX-2023-CV-416; Civil No. SX-2023-CV-427
Civil No. SX-2023-CV-417; Civil No. SX-2023-CV-428
Civil No. SX-2023-CV-418; Civil No. SX-2023-CV-429
Civil No. SX-2023-CV-420; Civil No. SX-2023-CV-430
**Memorandum Opinion and Order**          2024 VI SUPER
Page 8 of 10

in rotation without any action necessary by the Presiding Judge.).[9] The Court will also order

Plaintiff to file proofs of service showing that each of the defendants in the twelve related cases

were served with a copy of the notice of related cases in compliance with Superior Court Rule

17.1[10] so that the defendants can file objections, if any.

---

[9] The standing order provides in relevant part:

> **NOW, THEREFORE**, pursuant to the authority conferred by Title 4, Section 72b(a), of the Virgin Islands Code, **IT IS HEREBY ORDERED** that the following duties of judicial officers are **PRESCRIBED** and the following case reassignment policy is **ADOPTED** to balance the case loads of the judicial officers following disqualification or recusal:

> After a judicial officer enters an order of disqualification or recusal, the Clerk's Office shall reassign the case to the next judge in rotation as if it were a new case. Thereafter, the Clerk's Office shall skip the receiving judicial officer when assigning a new case of the same type, i.e., CV, DV, RV, CR, PB, etc. Only new cases may be assigned to the recusing judicial officer and recusing judicial officers shall receive one case for each case they recuse or are disqualified from. For cases that must be heard expeditiously, the Clerk's Office may defer assigning a new case to the recusing judicial officer until the next calendar to avoid case congestion or delay.

> Each judicial officer shall issue a standing order of recusal, which shall be kept on file in the Clerk's Office, as to attorneys and parties for whom that judicial officer is disqualified from presiding over or elects to voluntarily recuse. New judicial officers shall provide their Standing Order of Recusal to the Clerk's Office no later than thirty (30) days after taking the oath of [*4] office. Should a case be assigned at random to a judicial officer who is recused or disqualified based on her or his standing order, the Clerk's Office shall immediately reassign the case to another judicial officer in rotation without further order of the court. Reassignment as a result of a standing order of recusal shall not trigger the case reassignment procedure adopted above except as to newly-appointed or confirmed judicial officers. Judicial officers shall review their standing orders of recusal annually and, no later than December 15th of each year, either affirm that there are no changes to the list or issue a revised standing order.

> *In re Procedure for the Reassignment of Cases Following Judicial Recusal Or Disqualification*, 2020 V.I. LEXIS 73, at *2-4.

[10] Superior Court Rule 17.1 provides in relevant part:

> Civil cases are deemed related when two or more lawsuits (1) concern the same property (real or personal), or (2) involve the same or similar claim(s) between one or more of the same parties (or their successors-in-interest) that arises out of the same event, transaction, or contract. Civil cases are also deemed related if a successive lawsuit is filed following the dismissal of an earlier lawsuit between one or more of the same parties. When a civil case is filed, the plaintiff/petitioner, or his attorney, shall file a notice, contemporaneously with the complaint or petition, identifying by caption and number, each related case, if any, pending in the Superior Court. If no related cases are pending, a notice should not be filed. The notice must be served on every defendant/respondent when serving summons and a copy of the complaint. Each defendant/respondent, or his attorney, shall serve and file a notice, contemporaneously with his first responsive pleading, objecting to or concurring with the related case designation. Failure to serve and file a notice will be construed as consent to the related case designation.

*In Re: Sugar Island Master Association Inc. d/b/a Carambola*
*Property Owners Association's Actions for Debt Less Than $75,000*
Civil No. SX-2023-CV-413; Civil No. SX-2023-CV-422
Civil No. SX-2023-CV-414; Civil No. SX-2023-CV-423
Civil No. SX-2023-CV-416; Civil No. SX-2023-CV-427
Civil No. SX-2023-CV-417; Civil No. SX-2023-CV-428
Civil No. SX-2023-CV-418; Civil No. SX-2023-CV-429
Civil No. SX-2023-CV-420; Civil No. SX-2023-CV-430
**Memorandum Opinion and Order**
Page 9 of 10

2024 VI SUPER __7__

### 2. Plaintiff's Motions to Reassign All Twelve Related Matters to the Magistrate Division

¶ 7     At this time, given the strain on Magistrate Division's already limited judicial resources, ever increasing caseload, and the existing backlogs, the Court believes that by keeping these twelve related cases in the Civil Division—rather than reassigning to the Magistrate Division—will "secure the just, speedy, and inexpensive determination of every action and proceeding" as mandated by Rule 1 of the Virgin Islands Rules of Civil Procedure.[11] V.I. R. CIV. P. 1. As such, the Court will deny Plaintiff's motions to reassign this matter to the Magistrate Division in the above-mentioned cases.[12] Given that there is no indication that the defendants were served with a copy of Plaintiff's motion to reassign matter to the Magistrate Division, the Court will also order Plaintiff to file proofs of service showing that each of the defendants in the twelve related cases were served with a copy of its motion and a copy of this Memorandum Opinion and Order.[13]

---

Attorneys and self-represented parties shall immediately notify the Clerk's Office, in writing, anytime they become aware of the existence of a related case. Objections should be served and filed within fourteen (14) days thereafter.

Super. Ct. R. 17.1.

[11] The Civil Division, like the Magistrate Division, can similarly encourage efficient pretrial management for all twelve related cases by coordinated hearings, scheduling orders, etc., especially since they will all be assigned to the undersigned judge.

[12] The Court finds that it is appropriate to rule on Plaintiff's motions without a response from the defendant. *See* V.I. R. CIV. P. 6-1(f)(6) ("Nothing herein shall prohibit the court from ruling without a response or reply when deemed appropriate.").

[13] None of the defendants have appeared in the twelve related cases, which may be because that they have not been served with the summons and complaint. At this time, the Court does not have the defendants' information to serve this Memorandum Opinion and Order and thus, will order Plaintiff to do so instead.

*In Re: Sugar Island Master Association Inc. d/b/a Carambola*
*Property Owners Association's Actions for Debt Less Than $75,000*
Civil No. SX-2023-CV-413; Civil No. SX-2023-CV-422
Civil No. SX-2023-CV-414; Civil No. SX-2023-CV-423
Civil No. SX-2023-CV-416; Civil No. SX-2023-CV-427
Civil No. SX-2023-CV-417; Civil No. SX-2023-CV-428
Civil No. SX-2023-CV-418; Civil No. SX-2023-CV-429
Civil No. SX-2023-CV-420; Civil No. SX-2023-CV-430
**Memorandum Opinion and Order**                                    2024 VI SUPER ___7___
Page 10 of 10

## CONCLUSION

¶ 8     Based on the foregoing, it is hereby:

**ORDERED** that the Clerk's Office shall **COMPLY** with Superior Court Rule 17.1 by **REASSIGNING** the eleven related cases filed subsequent to Civil Case No. SX-2023-CV-413 to the undersigned judge, the judicial officer assigned to Civil Case No. SX-2023-CV-413—the first case filed out of the twelve related cases. It is further:

**ORDERED** that Plaintiff's motions to reassign matters to the Magistrate Division in the above-mentioned cases, filed on January 3, 2024, are **DENIED**. **And** it is further:

**ORDERED** that, **within sixty (60) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall **FILE PROOFS OF SERVICE** showing that each of the defendants in the twelve related cases were served with: (i) a copy of the notice of related cases in compliance with Superior Court Rule 17.1, (ii) a copy of Plaintiff's motion to reassign matter to the Magistrate Division, and (iii) a copy of this Memorandum Opinion and Order.

**DONE and so ORDERED this 26th day of January 2024.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
    Court Clerk ~~Supervisor~~

Dated: __1/26/2024__

                              HAROLD W.L. WILLOCKS
                              **Administrative Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
January 26, 2024 05:18 PM
SX-2023-CV-00413
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| Sugar Island Master Assoc., Inc, d/b/a **Carambola Property Owners Assoc.,** **Plaintiff** | Case Number: **SX-2023-CV-00413; 414;416;417;418;420;422;423;427;428; 429;430** |
| **v.** | Action: **Debt** |
| **Curtis Eugene et al,** **Defendant.** | |

## NOTICE of ENTRY
## of
## Memorandum Opinion and Order

**To**  J. Russell B. Pate, Charle
C. Jacobs Gower, Esq.

**Please take notice that on January 26, 2024**
**a(n)** _____ **Memorandum Opinion and Order** _____
dated _____ **January 26, 2024** _____ was/were entered
by the Clerk in the above-titled matter.

**Dated** __ **January 26, 2024** __

_____
**Tamara Charles**
**Clerk of the Court**

By: _____

_Janeen Maranda_

_____
**Janeen Maranda**
**Court Clerk II**